RECORD NO. 14-4844

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

                          Plaintiff - Appellee,

v.

LES CHRISTOPHER BURNS,

                          Defendant - Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION
_____

SUPPLEMENTAL BRIEF OF APPELLEE
IN SUPPORT OF JOINT MOTION TO VACATE
AND REMAND FOR RESENTENCING
_____

JOHN P. FISHWICK, JR.
United States Attorney
Rick A. Mountcastle
Assistant U.S. Attorney
310 First St., S.W. #906
Roanoke, Virginia 24011
(540) 857-2250

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………...……...ii

STATEMENT OF THE ISSUE……………………………………………...…1

STATEMENT OF THE CASE AND RELEVANT FACTS..…………………..1

SUMMARY OF THE ARGUMENT……………………………………………3

STANDARD OF REVIEW………………………………………………....…4

ARGUMENT ………………………………………...…………………….…4

    **I.**    **This Court has Jurisdiction to Set Aside the Sentence and Remand for Resentencing Pursuant to 28 U.S.C. § 2106. ……….4**

    **II.**    **Vacating Burns' Sentence and Remanding to the District Court for Resentencing is Just Under the Circumstances. ………………6**

CONCLUSION…………………………………………………………....…7

CERTIFICATE OF COMPLIANCE……………………………………….....9

CERTIFICATE OF SERVICE……………………………………………....10

# **TABLE OF AUTHORITIES**

## **COURTS OF APPEALS CASES:**

*In re Elmore*, 382 F.2d 125 (D.C. Cir. 1967)……………………………………4, 6

*McClain v. United States*, 643 F.2d 911 (2d Cir. 1981)………………….............5

*United States v. Arrington*, 763 F.3d 17 (D.C. Cir. 2014)…………………..…...5

*United States v. Erwin*, 765 F.3d 219 (3d Cir. 2014) …………………….…...4, 5, 6

*United States v. Martinez,* 606 F.3d 1303 (11th Cir. 2010)……………………..4, 5

*United States v. Parker*, 30 F.3d 542 (4th Cir. 1994)……………………………..5

## **FEDERAL STATUTES:**

18 U.S.C. § 3742(a) ………………….....…………………………………..……4

21 U.S.C. § 846……..…………………….....…………………………………….5

28 U.S.C. § 1291…………………………………………………………………...4

28 U.S.C. § 2106………..……..……………………………………………3, 4, 5, 7

## STATEMENT OF THE ISSUE

Whether this court should grant the parties' joint motion to vacate the sentence and remand for resentencing. This court directed the parties to file supplemental briefs[1] addressing (1) the court's jurisdiction to grant the relief requested, and (2) the substantive basis for the relief sought.

## STATEMENT OF THE CASE AND RELEVANT FACTS

On October 30, 2014, the district court sentenced defendant-appellant Les Christopher Burns ("Burns") following his conviction of one count of conspiracy to possess with intent to distribute and to distribute certain named controlled substances. JA 001.[2] On October 31, 2014, the district court entered the judgment. JA 002. On November 10, 2016, Burns noticed his appeal "from the decision of this Court rendered in open court on October 30, 2014." JA 010. The decision rendered in open court on October 30, 2014, was the district court's imposition of sentence. JA 001. This court docketed the appeal on November 12, 2014. ECF 1.

On July 17, 2015, the United States moved to remand the case for further proceedings and to permit the district court to make findings of fact and conclusions of law pertaining to certain issues that Burns' counsel intended to raise about the government's discovery obligations under *Giglio* and *Brady*. ECF 40 at 1. On July 20, 2015, Burns filed his response to the government's remand motion

---

[1] Court personnel advised the undersigned that formal briefing was required.
[2] The Joint Appendix is referred to as "JA __."

1

which described the general nature of the *Giglio* issues he intended to raise and which agreed that remand to the district court for an evidentiary hearing and ruling was appropriate. ECF 44-1 at 4. On July 24, 2015, this court granted the motion to remand, but required the parties to file status reports every 30 days. ECF 45-1. This court retained jurisdiction over Burns' appeal of the sentence imposed as part of the district court's October 30, 2014 judgment.

Upon remand, the parties have diligently reviewed the issues in detail and have extensively briefed the *Giglio* matter to the district court. After closely examining the facts underlying the remand issue, Burns' counsel and the government's counsel engaged in extensive discussions and reached what both parties believe to be an appropriate and just resolution of the entirety of the appeal. The resolution was memorialized in an executed settlement agreement. JA 012-016.

The issue on remand relates to the testimony of a law enforcement officer witness, Christopher Cook ("Cook"), who testified at a pre-trial suppression hearing and at trial. JA 012. The parties agree, after examining the record and the impeachment material pertaining to Cook, that there was sufficient evidence independent of Cook's testimony to support the jury's verdict of conviction. JA 013. However, when it sentenced Burns the district court included a two-point increase in the advisory sentencing guidelines range for obstruction of justice that

was based, in substantial part, on Cook's testimony. *Id.* While the district court's guidelines computation was appropriate based on the information before it at ***that*** time, the parties agree that the district court did not have before it all of the source documents underlying the impeachment information about Cook and that such information could have affected the court's determination of the appropriate sentencing guidelines range and its determination of an appropriate sentence. *Id.*

The parties agree, therefore, that the case should be remanded to permit the district court to resentence the defendant taking into consideration the source documents underlying Cook's impeachment material. JA 013-014.

## **SUMMARY OF THE ARGUMENT**

This court has jurisdiction pursuant to 28 U.S.C. § 2106 to grant the joint motion to vacate Burns' sentence and remand for resentencing because the district court's judgment imposing sentence is lawfully before it. The requested relief is just under the circumstances because after remand the parties closely examined the record and determined that the district court did not have the source documents providing the details of Cook's sexual misconduct when it substantially relied on Cook's testimony to increase the applicable advisory sentencing guidelines range for obstruction of justice. The parties jointly submit that vacating the sentence and remanding to the district court for resentencing based on a guidelines range that

3

does not include the obstruction of justice enhancement is just under the circumstances.

## STANDARD OF REVIEW

This court has broad authority under 28 U.S.C. § 2106 to fashion an appropriate remedy with respect to a district court order lawfully brought before it for review. *United States v. Martinez,* 606 F.3d 1303, 1304 (11th Cir. 2010). The determination of what is just, for purposes of applying 28 U.S.C. § 2106, requires this court to consider any change of fact which has supervened since the judgment was entered. *United States v. Erwin*, 765 F.3d 219, 235 (3d Cir. 2014) (quoting *In re Elmore*, 382 F.2d 125, 127 & n. 12 (D.C. Cir. 1967)).

## ARGUMENT

**I.     This Court has Jurisdiction to Set Aside the Sentence and Remand for Resentencing Pursuant to 28 U.S.C. § 2106.**

This court has jurisdiction over Burns' sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) because Burns explicitly appealed the district court's decision "rendered in open court on October 30, 2014," which included the sentence imposed. In addition, this court has jurisdiction to grant the relief requested pursuant to 28 U.S.C. § 2106, which provides:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree,

> or order, or require such further proceedings to be had as
> may be just under the circumstances.

*Id.* "Courts principally invoke § 2106 to fashion an appropriate remedy on direct appeal." *United States v. Arrington*, 763 F.3d 17, 25 (D.C. Cir. 2014) (citations omitted). This statute, in fact, grants a court of appeals the broadest authority to fashion an appropriate remedy of a district court order lawfully brought before it for review. *Martinez*, 606 F.3d at 1304.

Here, Burns specifically appealed the district court's October 30, 2014 order which entered judgment and sentenced him for his conviction for a violation of 21 U.S.C. § 846. Therefore, the district court's sentencing order is lawfully before this court on direct appeal and, accordingly, § 2106 gives this court jurisdiction and broad authority to vacate Burns' sentence and remand for resentencing. *See, e.g., Erwin*, 765 F.3d at 235 (§ 2106 gives court of appeals authority to grant de novo resentencing when case is before it on direct appeal); *United States v. Parker*, 30 F.3d 542, 553 (4th Cir. 1994) (§ 2106 empowered court of appeals to reduce defendant's 21 U.S.C. § 860 conviction which was based on insufficient evidence to the lesser-included offense and remand for resentencing); *McClain v. United States*, 643 F.2d 911, 914 (2d Cir. 1981) (court of appeals may vacate entire sentence under the general supervisory powers granted by 28 U.S.C. § 2106).

5

## II. Vacating Burns' Sentence and Remanding to the District Court for Resentencing is Just Under the Circumstances.

"In determining what justice does require, the Court is bound to consider any change, either in fact or in law, which has supervened since the judgment was entered." *Erwin*, 765 F.3d at 235 (quoting *In re Elmore*, 382 F.2d at 127 & n.12). In this case, the parties agree that there have been relevant changes in fact that have supervened since the district court entered judgment on October 30, 2014, and that, in the interest of justice, these facts warrant the agreed upon and requested relief.

First, while this case was on remand to the district court for further fact-finding proceedings, the parties examined the record and agree that the record shows that the district court included a two-point enhancement for obstruction of justice in its computation of the advisory sentencing guidelines range based, in substantial part, on Cook's testimony.

Second, while on remand, the parties examined the record and agree that it shows that there was sufficient evidence, independent of Cook's testimony, to support the jury verdict of conviction.

Third, the parties agree that their examination of the record indicates that when it relied on Cook's testimony to include the obstruction of justice enhancement in its sentencing guidelines computation, the district court did not have before it the source documents describing the details of Cook's sexual

6

misconduct while working on the task force that investigated the matters resulting in the prosecution of Burns.[3]

Fourth, after remand and examination of the record, Burns and the United States now agree that the district court should reconsider the application of the obstruction of justice enhancement in light of the details of Cook's sexual misconduct described in the source documents and that the district court should ***not*** impose the obstruction of justice enhancement to determine the applicable advisory sentencing guidelines range.

Fifth, as a result of the review of the record, Burns and the United States now agree that, under the circumstances, justice requires that Burns' sentence be vacated and the case be remanded to the district court for resentencing as provided for in the agreement of the parties.

## **CONCLUSION**

For the reasons stated above, the district court's order imposing Burns' sentence is lawfully before this court on direct appeal and, therefore, this court has jurisdiction, pursuant to 28 U.S.C. § 2106, to vacate Burns' sentence and remand the case to the district court for resentencing. Resentencing would be just under the circumstances because the record shows that the district court relied, in substantial part, on Cook's testimony to increase the applicable advisory

---

[3] Cook's sexual misconduct was with an individual who was a witness against another defendant but not against Burns.

sentencing guidelines range; in doing so, the district court did not have before it the source documents and details pertaining to Cook's sexual misconduct; and, after examining the record on remand, the parties are now in agreement that, in the interest of justice, the district court should resentence Burns based on an advisory sentencing guidelines range that does *not* include an enhancement for obstruction of justice.

    Accordingly, the United States respectfully requests that this Honorable Court grant the joint motion to vacate sentence and remand for resentencing.

                                Respectfully submitted,

                                JOHN P. FISHWICK, JR.
                                United States Attorney

                                */s/ Rick A. Mountcastle*
                                Rick A. Mountcastle (VA Bar No. 19768)
                                Assistant United States Attorney
                                U.S. Attorney's Office
                                310 First St., SW, #906
                                Roanoke, VA 24011
                                (540) 278-1470
                                rick.mountcastle@usdoj.gov

## **CERTIFICATE OF COMPLIANCE**

This brief has been prepared using fourteen point, proportionally spaced, serif typeface – Microsoft Office Word 2010, Times New Roman, 14 point, and is in compliance with Fed. R. App. P. 32(a)(7)(B).

This brief contains 8 pages and approximately 1,900 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), and is in compliance with Fed. R. App. P. 32(a)(7)(B) and the court's briefing order.

I understand that a material misrepresentation can result in the court striking the brief and imposing sanctions.

s/ *Rick A. Mountcastle*
Assistant United States Attorney
(Va. Bar No. 19768)

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2016, I electronically filed the foregoing Supplemental Brief of Appellee in Support of Joint Motion to Vacate and Remand for Resentencing with the Clerk of the Court using the CM/ECF System, which will send notice, and constitute service, of such filing to Appellant's counsel, Paul G. Beers, Esquire.

/s/ *Rick A. Mountcastle*
Rick A. Mountcastle
Assistant United States Attorney
(Va. Bar No. 19768)